[Civ. No. 16050.   Second Dist., Div. One.   Mar. 16, 1948.]

CLARENCE A. JONES, Respondent, v. CAROLINE BROWN et al., Appellants.

Hulen C. Callaway, Richard Hunt Sampson, Dewitt Morgan, Manning and John S. Newhouse for Appellants.

Willis O. Tyler for Respondent.

DORAN, J.—The complaint herein alleges that on February 8, 1944, the appellants Brown engaged the respondent Jones, an attorney at law, to prosecute an action for damages

against one Gerald J. Altfilisch. The damages in question were alleged to have been suffered by Caroline Brown as a result of being struck by an automobile driven by the said Altfilisch. It is further alleged that the respondent filed a complaint on behalf of the appellants, served the defendant Altfilisch, set the case for trial, and "was willing to do everything necessary to be done in said cause and to present the same for trial and to fully complete all of his part of the said contract," but that on or about October 6, 1944, the Browns "without any just cause or reason therefor did discharge the plaintiff as their attorney and did dismiss him from the said case and did engage other attorneys"; that said other attorneys completed the case and recovered a judgment in appellants' favor in the amount of $20,987.68.

The contract referred to was in writing, signed by both clients, by Attorney Jones, and by two witnesses. It is apparently complete except that the date "_____ day of February, 1944" is not filled in. By this contract appellants "retained" Jones "as their attorney"; the attorney "accepts the employment . . . and agrees to render his best service and use his best endeavor to obtain a full and satisfactory adjustment and to protect and conserve every right, claim and interest of said first parties (appellants) arising out of this accident or claim." As attorney fees and compensation it is agreed that Clarence A. Jones "shall receive $33\frac{1}{3}$ per cent of whatever money received, directly or indirectly of either party hereto, in compromise or settlement of said matter or claim from said negligent party or by any person, company, firm, or corporation for and on behalf of said negligent party." The contract then provides that said attorney "shall have lien on any judgment or money received or that may be obtained from said negligent party."

Answering this complaint the appellants Brown admit the execution of "a certain agreement in writing, employing plaintiff as their attorney," but are "unable to remember the exact terms of the said agreement." The answer further alleges "that they had just cause for requesting plaintiff to withdraw as attorney . . . in that plaintiff is a negro and was employed by defendants upon the condition that he associate with him in the preparation and trial of the action white counsel; further, that Jones had been negligent in the conduct of the case, in failing to have the case set for trial until after the clients had requested his withdrawal, in failing to take

depositions of the defendant Altfilisch, in failing to determine that Altfilisch was acting as an agent of Wilding Picture Productions, a corporation, and in failing to join said corporation as a defendant.

The trial court found that the contract of employment, providing for the payment of a 33⅓ per cent contingent fee to Attorney Jones, was openly and fairly entered into as alleged; that said attorney was wrongfully discharged by the Browns on or about October 6, 1944, and that prior to that time Jones "was willing to do everything necessary to be done in said case, and did in this behalf do everything necessary to be done." The court further found that it was not true that the Browns employed Jones upon the condition that a white attorney should be associated with Jones in the case, and that respondent was not guilty of negligence in preparing the case or in taking any steps in connection therewith. Judgment was rendered for respondent in the sum of $6,995.89 representing 33⅓ per cent of the judgment recovered by the appellants.

It is the contention of appellants that there was just cause for discharging the respondent attorney; that the attorney was negligent in handling the case; that a client may discharge an attorney with or without cause; that in any event "Appellants' maximum liability should be limited to the reasonable value of respondent's services." Appellants further insist that the attorney "is estopped from asserting his claim and contract" for the reason that "appellants are both colored people and of advanced age," ignorant and unsophisticated, and that when the substitution of attorneys occurred Jones did not "call appellant Brown's attention to Brown's obligation under the contract." In this connection appellants call attention to the fact that if the judgment in Jones' favor is sustained, then the appellants will be deprived "of all but $3,583.62 of their original recovery of $20,987.68," having paid 40 per cent of the judgment to the substitute attorneys, Tripp, Callaway, Sampson & Dryden and Walter L. Gordon, and 33⅓ to respondent Clarence A. Jones under the contract in question.

█ "There seems to be no divergence of authority to the effect that if an attorney is discharged for sufficient cause he is entitled to no more than the reasonable value of his services rendered prior to his discharge," says the Supreme Court in *Salopek* v. *Schoemann*, 20 Cal.2d 150, 153 [124 P.2d 21]. The converse of the rule is found at page 155 of the same opinion

where the court states: "But if, as here, he (the client) has entered into a contract to compensate the attorney on a contingency basis and discharges him before the services have been completed, he (the client) takes the chance that the attorney may claim and establish that he (the attorney) was discharged without sufficient cause." It is true, as appellants' brief avers, that two justices expressed views therein, to the effect that the prevailing California rule should be changed. However, such suggested change has not been made, and the rule was again approved in *Denio* v. *City of Huntington Beach*, 22 Cal.2d 580, 591 [140 P.2d 392, 149 A.L.R. 320] where the court said: "We conclude that . . . if such discharge was wrongful, plaintiffs (attorneys) are, under the long established rule in California, entitled to recover the compensation specified by the terms of such contract of employment." Indeed, appellants "freely admit that our appellate courts have, on a number of occasions, held that where an attorney is discharged without cause, he may recover the full contract amount where all contingencies set forth in the contract are met," but contend that "these decisions should be reconsidered and overruled."

The record herein discloses substantial evidence which supports the trial court's findings that the contingent fee contract in question was openly and fairly entered into; that the respondent attorney was not at fault in the conduct of the cause and that said attorney was wrongfully discharged by the appellants before completion of the case. While it is true that the record also reveals certain conflicting evidence in reference to these matters, this fact does not alter the situation in respect to appellate consideration. Such review is limited by the well-established rule that where it appears that substantial evidence supports the findings of the trial court, such findings are binding on an appellate court.

The appellants' contention that the respondent is estopped from asserting a claim for the compensation stipulated in the written contract, is untenable. Nothing in the record affords any basis for such an estoppel. Neither the appellants' age, color nor alleged ignorance lend force to this theory and there is no showing that the attorney attempted to take advantage of any of these facts in dealing with the appellants. In this connection it will be noted that attorney and clients were of the same race and color. Nor can it be deemed "unconscionable" or "an extreme miscarriage of justice," in the language of appellants' brief, to affirm a

judgment which sanctions the enforcement of a contract found to have been fairly entered into. The practical consequences of such enforcement in an individual case cannot here or elsewhere negative the customary contractual obligations assumed when one executes a written agreement. The decision rendered appears to be in conformity with the rule as expressed in the California cases hereinbefore mentioned.

The judgment is affirmed.

York, P.J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 13, 1948. Gibson, C. J., Edmonds, J., and Traynor, J., voted for a hearing.